## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **BARBARA MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )  **Case No. 4:20CV19 HEA** |
| | ) |
| **ESURANCE PROPERTY & CASALTY** | ) |
| **INSURANCE COMPANY and GEICO** | ) |
| **CASUALTY COMPANY,** | ) |
| | ) |
| **Defendants** | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss Plaintiff's Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [Doc. No.'s 7 and 10], Plaintiff's Motion for Hearing, [Doc. No. 13], Plaintiff's "Motion to Deny Dismissal," [Doc. No. 14], Plaintiff's "Motion to Disagree Deniel [sic] Dismissal," [Doc. No. 15], Plaintiff's "Motion for Hearing of Dismissal," [Doc. No. 16], and Plaintiff's "Motion to File A [sic] Amended Complaint to Petition," [Doc. No. 18].   For the reasons set forth below, the Motions to Dismiss will be granted. The Motion to File an Amended Complaint will be denied.

### Facts and Background

Plaintiff filed this action in the Circuit Court of St. Louis, Missouri on November 12, 2019.   Defendant Esurance removed the case based on the Court's diversity of citizenship jurisdiction.   28 U.S.C. § 1332.

Plaintiff's *pro se* Petition consists of one handwritten page which contains one paragraph and two typed pages.   Each page is notarized.   While difficult to discern Plaintiff's claims, Plaintiff avers in her handwritten allegations that "Defendants acted "in bad faith in an effort to mix up cars of both parties making an inconclusive deniel [sic] of insurance claim 0624100680101015."   The typed pages consist of one paragraph wherein Plaintiff avers that she is accusing Defendants of bad faith, fraudulent identification and negligence and receiving false information to decide a claim of "car accident June 11th, 2018 incunjunction [sic] of suggested robbery dated April 18th, 2018 organized by organizations;…"

## Legal Standard

Defendants move to dismiss Plaintiff's Petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.   To decide the motion to dismiss under Rule 12(b)(6), the court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Inferences are construed in favor of the non-moving party. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009)).

Complaints alleging fraud must comply with Rule 9(b) of the Federal Rules. Under Rule 9(b), "the circumstances constituting fraud ⋯ shall be stated with particularity".   Rule 9(b) particularity requirement demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. *United States ex rel. Costner v. URS Consultants, Inc.,* 317 F.3d 883, 888 (8th Cir.2003) (citing *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920-21 (8th Cir.2001)).   To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including

when the acts occurred, who engaged in them, and what was obtained as a result. *See, e.g., Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002).   The complaint must identify the "who, what, where, when, and how" of the alleged fraud.   *Costner,* 317 F.3d at 888 (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 550 (8th Cir.1997)); *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006).   Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity".   Rule 9(b) requires more than conclusory and generalized allegations. *Joshi,* 441 F.3d 552, 557(citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002) ([C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b) ].) (quoting *Commercial Prop. Inv. v. Quality Inns,* 61 F.3d 639, 644 (8th Cir.1995).

## Discussion

**Motions to Dismiss**

Defendants contend that Plaintiff's Petition fails to identify any facts which would give rise to any action against them. The Court agrees.   Nowhere in the Petition does Plaintiff set forth a short and plain statement of what she claims entitles her to relief as required by Rule 8 of the Federal Rules of Civil Procedure.

Rather, Plaintiff states vague references to Defendants, without any indication of what the relationship between Plaintiff and Defendants is relative to Plaintiff's claims.   The Court is unable to ascertain what Plaintiff is attempting to claim as a viable cause of action. Plaintiff has included no facts which would plausibly notify Defendants of the claims against them.

Moreover, Plaintiff has failed to allege fraud with sufficient particularity pursuant to Rule 9(b) of the Federal Rules.   Plaintiff gives no indication of the "who, what, where, when, and how" of the alleged fraud.   *Costner,* 317 F.3d at 888 (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 550 (8th Cir.1997)); *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006).   Rule 9(b) requires more than "conclusory and generalized allegations." *Joshi,* 441 F.3d 552, 557(citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002) ([C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b) ].) (quoting *Commercial Prop. Inv. v. Quality Inns,* 61 F.3d 639, 644 (8th Cir.1995).

**Motion to Amend**

Plaintiff has filed a Motion to Amend and has attached a proposed Amended Complaint for the Court's consideration. A district court's decision to deny leave to amend is reviewed for abuse of discretion, and there is no absolute right to amend a pleading. *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir.

2003) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998);

*Becker v. Univ. of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999)).

Leave to amend should be denied where amendment would be futile. *Id*.

Here, amendment would be futile because Plaintiffs allegations continue to be

vague, conclusory and without any factual support. The proposed Amended

Complaint fails to set forth a short and plain statement of the action such that

Defendants could formulate responsive pleadings.

## Conclusion

Plaintiff's Petition and the proposed Amended Complaint fail to satisfy the

pleading requirements of Rules 8, 12(b)(6) and 9 of the Federal Rules of Civil

Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss

Plaintiff's Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, [Doc. No.'s 7 and 10] are **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing, [Doc. No.

13], is **denied**.

**IT IS FURTHER ORDERED** Plaintiff's "Motion to Deny Dismissal,"

[Doc. No. 14], is **denied**.

**IT IS FURTHER** ORDERED that Plaintiff's "Motion to Disagree Deniel

[sic] Dismissal," [Doc. No. 15], is **denied**.

  **IT IS FURTHER ORDERED** that Plaintiff's "Motion for Hearing of Dismissal," [Doc. No. 16], is **denied**.

  **IT IS FURTHER ORDERED** that Plaintiff's "Motion to File A [sic] Amended Complaint to Petition," [Doc. No. 18], is **denied**.

  **IT IS FURTHER ORDERED** that this matter is dismissed.

A separate order of dismissal is entered this same date.

Dated this 29th day of April, 2020.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE